JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUV N' CARE, LTD. and ADMAR
INTERNATIONAL, INC.,

    Plaintiffs,

v.

MAYBORN USA, INC.,

    Defendant.

11 CIV 2460

Civil Action No.

(JURY TRIAL DEMANDED)



## COMPLAINT

Plaintiffs Luv n' care, Ltd. ("Luv n' care") and Admar International, Inc. ("Admar") (collectively, "Plaintiffs"), by their attorneys, hereby complain of Defendant Mayborn USA, Inc. ("Mayborn" or "Defendant") as follows:

### JURISDICTION AND VENUE

1.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*; trade dress infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125; and for unfair competition and trade dress dilution under the laws of the State of New York. This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and 15 U.S.C. § 1121, and has jurisdiction over the state claims under 28 U.S.C. §1338(b) and further pursuant to its supplemental jurisdiction under 28 U.S.C. §1367. The state claims asserted herein are so related to the Federal claims as to form part of the same case or controversy.

2. This action arises from Defendant's patent infringement, unfair and deceptive business practices, and offer for sale, sale, and distribution of products which are deceptive copies of Plaintiffs' product designs and trade dress.

3. This Court has personal jurisdiction over Defendant in that Defendant is licensed to do business in the State of New York, and has intentionally directed its tortious activities toward New York, including this judicial district. Defendant has delivered its infringing products into this State with the expectation that they will be purchased by consumers in this State, including in this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1400(b).

## THE PARTIES

5. Plaintiff Luv n' care is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

6. Plaintiff Admar is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201. Admar is an affiliate of Luv n' care.

7. Upon information and belief, Defendant Mayborn is a corporation organized and existing under the laws of the State of New York and having its principal place of business at 175 Post Road West, Westport, Connecticut 06880. Mayborn distributes baby products and accessories for sale in the United States.

## FACTS

### PLAINTIFFS' PATENT

8. Mr. Nouri E. Hakim is the inventor of a novel and unique ornamental design relating to drinking cup tops for children's sippy cups.

9. On March 15, 2011, United States Patent No. D634,439 S entitled "Drinking Cup Top" was duly and lawfully issued to Nouri E. Hakim by the United States Patent and Trademark Office (hereafter "the '439 patent"). A copy of the '439 patent is attached as Exhibit 1 hereto.

10. Luv n' care is the owner of all right, title and interest in and to the '439 patent.

### DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' PATENT

11. During the term of the '439 patent, Defendant has manufactured, offered for sale, sold, used, and/or imported products embodying the patented designs of the '439 patent.

12. Defendant's infringing products include cups currently being sold under the TOMMEE TIPPEE brand. Examples of infringing products are attached as Exhibit 2 hereto.

13. Defendant's acts have been without license or authority of Plaintiffs.

## PLAINTIFFS' TRADE DRESS

14. Plaintiff Luv n' care is one of the leading baby product companies in the world today. Luv n' care and its brands are well known throughout the United States and foreign countries as a result of the popular products that it has designed, introduced, and commercialized in interstate and international commerce for use by babies and young children.

15. Admar is the owner of all right, title and interest in and to the trademarks and trade dress associated with Luv n' care's products. Luv n' care sells its products throughout the United States under exclusive trademark and trade dress rights from Admar.

16. Plaintiffs have used their trademarks and trade dress on a wide variety of children's and infants' products sold in interstate commerce, including, but not limited to, children's no-spill drinking cups, baby bottles, infant pacifiers, and so forth. Plaintiffs have generated hundreds of millions

of dollars in revenue from the sale of goods under their trademarks and trade dress.

17. Significant time, funds, and effort were expended by Plaintiffs in designing and developing aesthetically appealing and attractive product designs for Plaintiffs' goods.

18. Significant sums of money, time, and effort were also expended in promoting, advertising, commercializing and popularizing Plaintiffs' goods.

19. As a result of Plaintiffs' design efforts and promotional activities, Plaintiffs' product designs, trademarks and/or trade dress have all become widely known throughout the United States and worldwide, and associated with Plaintiffs.

20. Plaintiffs' products are among the most popular and well known products in their industry, and their line of products is famous throughout the country and the world.

21. The appearance of Plaintiffs' original design of its soft, no-spill children's drinking cup top ("Soft Top") is a distinctive symbol which serves as a trademark or trade dress of Luv n' care's products in interstate commerce, both in the United States and worldwide.

22. The design and appearance of Plaintiffs' Soft Top has acquired secondary meaning, and is recognized as identifying Plaintiffs' high-quality products and services.

23. Plaintiffs' intellectual property including their trademarks, trade dress and their associated goodwill, directed to their Soft Top, are all valuable assets of Plaintiffs.

24. Defendant's bad faith activities have caused and will continue to cause a likelihood of deception and confusion in the marketplace among consumers, and extensive damage to Plaintiffs and their business, goodwill and reputation.

## DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' SOFT TOP DESIGN

25. Attached as Exhibits 3 through 5 are examples of Plaintiffs' Soft Top as they appear on Plaintiffs' GRIPPER CUP and GRIP N' SIP products shown next to examples of the deceptive and confusing knock-offs that Defendant has offered for sale, sold and distributed, and is continuing to offer for sale, sell and distribute, in interstate commerce. Plaintiffs' original designs are on the left side of each Exhibit; Defendant's knock-off is on the right side of each Exhibit.

26. The overall appearance of Plaintiffs' Soft Top is protectable, distinctive, non-functional trade dress. Specifically, and as further identified and depicted in Exhibits 3 through 5, Plaintiffs' Soft Top trade dress includes at least the following elements: a colored or tinted bell-shaped cap; an oval,

clear, silicone spout which is attached to a silicone top of the cap; and the combination and arrangement of the aforesaid elements.

27. Defendant's activities have been deliberate and willful.

28. Defendant is familiar with Plaintiffs' original design to their Soft Top and, upon information and belief, is aware of the patent and trade dress associated therewith, and has deliberately chosen to reproduce, copy, offer for sale, sell and distribute its unauthorized and infringing products.

29. Defendant's actions have caused and are causing irreparable damage to Plaintiffs, their business and their reputation.

30. Plaintiffs have been extensively damaged by Defendant's bad faith activities and will continue to be damaged unless Defendant is restrained and enjoined by this Court.

31. Plaintiffs have no adequate remedy at law.

32. Plaintiffs have been extensively damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including lost sales, lost profits, and damage to their reputation and good will, as well as a disgorgement of Defendant's revenues and profits.

## COUNT I
## PATENT INFRINGEMENT
### (35 U.S.C. §101 *et seq.*)

33. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. This claim arises under 35 U.S.C. §101 *et seq.*

35. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

36. Defendant's acts constitute infringement of the '439 patent under 35 U.S.C. §271.

37. Upon information and belief, Defendant's acts of infringement were and are with knowledge of the '439 patent.

38. Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.

39. Defendant has profited from its infringing activities.

40. As a result of Defendant's conduct, Plaintiffs have been substantially harmed, have suffered actual damages, have suffered lost profits, and have been forced to retain legal counsel and pay costs of court to bring this action.

## COUNT II
## LANHAM ACT TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION:
## (15 U.S.C. § 1125(a))

41. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1-40 of this Complaint, as though fully set forth herein.

42. This claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

43. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

44. On the basis of the foregoing paragraphs, Defendant is intentionally using product trade dress confusingly similar to that of Plaintiffs' Soft Top in a manner that has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiffs.

45. Defendant's activities in offering for sale, selling and distributing products which are confusingly similar to Plaintiffs' Soft Top products, constitute unfair competition, false designation of origin, and false description and representations, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46. Defendant's acts of trade dress infringement and unfair competition were and are willful and deliberate.

47. Defendant has profited from its illegal and bad faith activities.

48. Plaintiffs have suffered, and continue to suffer, substantial damages as a result of Defendant's bad faith activities, in an amount to be determined by the jury and this Court.

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK LAW

49. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1-48 of this Complaint, as though fully set forth herein.

50. This claim arises under the common law of the State of New York.

51. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

52. Plaintiffs have created and promoted their Soft Top products, including their trademarks, packaging and trade dress, through extensive time, labor, skill and money.

53. Defendant has misappropriated the results of that labor and skill and those expenditures of Plaintiffs.

54. Defendant has used designs and trade dress that are identical to or confusingly similar to Plaintiffs' designs and trade dress, for identical or highly similar goods, in competition with Plaintiffs, gaining an unfair advantage, because Defendant bore little or no burden of expense of development and promotion of the designs and trade dress.

10

55. By knowingly using confusingly similar designs and trade dress for identical or highly similar goods to compete against Plaintiffs' goods, Defendant has misappropriated a commercial advantage belonging to Plaintiffs.

56. Defendant has also engaged in bad faith misappropriation of the labors of Plaintiffs which is likely to cause confusion, and to deceive purchasers as to the origin of the goods, and which dilutes the value of Plaintiffs' product designs and trade dress.

57. Defendant's acts of misappropriation and unfair competition have caused significant commercial damage to Plaintiffs.

58. Defendant's business conduct is illegal and actionable under the common law of unfair competition of the State of New York.

59. Plaintiffs have been injured by Defendant's illegal actions and are entitled to the remedies provided for under New York law.

## COUNT IV
## VIOLATION OF NEW YORK
## GENERAL BUSINESS LAW SECTION 360-l

60. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1-59 as if fully set forth herein.

61. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

62. Defendant's misappropriation and infringement through the sale, offer for sale and distribution of products bearing trade dress substantially similar to that of Plaintiffs' products create a likelihood of injury to Plaintiffs' business reputation and likelihood of dilution of the distinctive quality of Plaintiffs' Soft Top products in violation of Section 360-l of the New York General Business Law.

63. Defendant's activities have also caused actual injury to Plaintiffs' business reputation and actual dilution of the distinctive quality of Plaintiffs' Soft Top products.

64. By reason of the foregoing, Plaintiffs have been injured by Defendant's illegal actions and are entitled to the remedies provided for in the New York General Business Law.

## JURY TRIAL DEMAND

65. Pursuant to Rule 38, Fed. R. Civ. P., Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant Mayborn:

    A.    That Defendant be adjudged to have engaged in patent infringement of Plaintiffs' rights under the '439 patent under 35 U.S.C. §101 *et seq.*;

    B.    That Defendant be adjudged to have engaged in federal unfair competition and trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. §1125, and unfair competition and trade dress dilution under the common law and/or statutory law of the State of New York;

    C.    That the '439 patent was duly and legally issued by the U.S. Patent Office, and is valid and enforceable.

    D.    That each of the Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Plaintiffs' rights in the '439 patent under 35 U.S.C. §271;

    E.    That each of the Defendant, its officers, agents, servants,

employees, representatives, distributors, and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from making, using, importing, exporting, offering for sale and selling any products which directly infringe or contributorily or actively induce infringement of the '439 patent under 35 U.S.C. §271;

F. That each of Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in any activities which infringe Plaintiffs' rights in their products or advertising materials, including Plaintiffs' rights in their trademarks and trade dress;

G. That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from offering for sale, selling or marketing merchandise in any way that tends to deceive, mislead or confuse the public into believing that Defendant's merchandise in any way originates with, is sanctioned by, or affiliated with Plaintiffs;

H. That each of the Defendant, its officers, agents, servants,

      employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiffs;

I. That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Plaintiffs and Plaintiffs' products;

J. That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Plaintiffs;

K. That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

L. That Defendant be required to account for and pay over to Plaintiffs all damages sustained by Plaintiffs, as well as any and all of Defendant's gains, revenues, profits and advantages

       attributable to or derived by the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, as well as 35 U.S.C. §§284 and 289, and all other applicable law;

M.    That each such award of damages be enhanced to the maximum available for each infringement in view of Defendant's willful infringement of Plaintiffs' rights;

N.    That Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

O.    That Plaintiffs be awarded punitive or exemplary damages because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

P.    That Plaintiffs recover the costs of this action including their expenses and reasonable attorney's fees pursuant to 15 U.S.C. §1117, 35 U.S.C. §285 and all further applicable law, because of the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, which make this an

exceptional case warranting such award;

Q. That Plaintiffs be awarded pre-judgment and post-judgment interest;

R. That Plaintiffs obtain all further relief permitted under the laws of the United States and the State of New York; and,

S. That Plaintiffs obtain all such other and further relief as the Court may deem just and equitable.

Dated: April 11, 2011

Morris E. Cohen (MC-4620)
Lee A. Goldberg (LG-9423)
GOLDBERG COHEN LLP
1350 Avenue of the America, 4th Floor
New York, New York 10019
(646) 380-2087 (phone)
(646) 514-2123 (fax)
Mcohen@goldbergcohen.com
Lgoldberg@goldbergcohen.com

Of Counsel:
Joe D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (phone)
318-388-5892 (fax)
joed@luvncare.com

Attorneys for Plaintiffs Luv n' care, Ltd. and Admar International, Inc.