## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

LUV N' CARE, LTD and ADMAR                     Civil Action No. 11-cv-2460-SAS
INTERNATIONAL, INC.,

      Plaintiffs/Counterclaim Defendants,          **ANSWER AND COUNTERCLAIMS**

v.

MAYBORN USA, INC.,

      Defendant/Counterclaim Plaintiff.

-------------------------------------------------------- X

## <u>ANSWER AND COUNTERCLAIMS</u>

Defendant Mayborn USA, Inc. ("Mayborn") hereby responds to the Complaint filed by Plaintiffs Luv N' Care, Ltd. ("LNC") and Admar International, Inc. ("Admar") (collectively "Plaintiffs") as follows:

1.     Mayborn admits that Plaintiffs have asserted the claims listed in the first sentence of paragraph 1 of the Complaint but denies that any such claims are valid. Mayborn admits that this Court has jurisdiction over the claims asserted in this action. Mayborn denies the remaining allegations of paragraph 1 of the Complaint.

2.     Mayborn denies the allegations of paragraph 2 of the Complaint.

3.     Mayborn admits that it is licensed to do business in the State of New York and that it is subject to personal jurisdiction in this Court. Mayborn denies the remaining allegations of paragraph 3.

4.     Mayborn admits that venue is proper in this Court.

5.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Complaint, and therefore denies those

allegations.

6.      Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the Complaint, and therefore denies those allegations.

7.      Mayborn admits the allegations of paragraph 7 of the Complaint.

8.      Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint, and therefore denies those allegations.

9.      Mayborn admits that on March 15, 2011, the United States Patent and Trademark Office issued U.S. Patent No. D634,439  ("the '439 patent") to Nouri E. Hakim and that a copy of the '439 patent is attached as Exhibit 1 to the Complaint.  Mayborn is without knowledge or information sufficient to form a belief as to whether the remaining allegations of paragraph 9 of the Complaint are true, and Mayborn therefore denies same.

10.     Mayborn is without knowledge or information sufficient to form a belief as to whether the allegations of paragraph 10 of the Complaint are true, and Mayborn therefore denies same.

11.      Mayborn denies the allegations of paragraph 11 of the Complaint.

12.     Mayborn admits that it sells cups under the TOMMEE TIPPEE brand.  Mayborn denies that it has sold each of the products identified in Exhibit 2 of the Complaint.  Mayborn denies the remaining allegations of paragraph 12 of the Complaint.

13.     Mayborn admits that it does not have the license or authority of Plaintiffs to sell TOMMEE TIPPEE products in this country, and it denies that any such license or authority is needed from Plaintiffs.   Mayborn denies the remaining allegations of paragraph 13 of the

Complaint.

14.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint, and therefore denies those allegations.

15.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint, and therefore denies those allegations.

16.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint, and therefore denies those allegations.

17.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint, and therefore denies those allegations.

18.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint, and therefore denies those allegations.

19.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint, and therefore denies those allegations.

20.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint, and therefore denies those allegations.

21.     Mayborn denies the assertion, whether stated implicitly or explicitly in paragraph

21 and elsewhere in the Complaint, that any proprietary trademark or trade dress rights subsist in this country (or elsewhere) in the external appearance or the features of Plaintiffs' Soft Top drinking cup top (the "Soft Top").  Mayborn is without knowledge or information sufficient to form a belief as to whether the remaining allegations of paragraph 21 of the Complaint are true, and Mayborn therefore denies same.

22.     Mayborn denies the assertion, whether stated implicitly or explicitly in paragraph 22 and elsewhere in the Complaint, that any proprietary trademark or trade dress rights subsist in this country (or elsewhere) in the external appearance or the features of Plaintiffs' Soft Top. Mayborn is without knowledge or information sufficient to form a belief as to whether the remaining allegations of paragraph 22 of the Complaint are true, and Mayborn therefore denies same.

23.     Mayborn denies the assertion, whether stated implicitly or explicitly in paragraph 23 and elsewhere in the Complaint, that any proprietary trademark or trade dress rights subsist in this country (or elsewhere) in the external appearance or the features of Plaintiffs' Soft Top. Mayborn is without knowledge or information sufficient to form a belief as to whether the remaining allegations of paragraph 23 of the Complaint are true, and Mayborn therefore denies same.

24.     Mayborn denies the allegations of paragraph 24 of the Complaint.

25.     Mayborn denies the allegations of paragraph 25 of the Complaint.

26.     Mayborn denies the allegations of paragraph 26 of the Complaint.

27.     Mayborn denies the allegations of paragraph 27 of the Complaint.

28.     Mayborn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint, and therefore denies those

allegations.

29.     Mayborn denies the allegations of paragraph 29 of the Complaint

30.     Mayborn denies the allegations of paragraph 30 of the Complaint.

31.     Mayborn denies the allegations of paragraph 31 of the Complaint.

32.     Mayborn denies the allegations of paragraph 32 of the Complaint.

**COUNT I**
**PATENT INFRINGEMENT**

33.     In the event that a response to paragraph 33 of the Complaint is required, Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-32 as though set forth fully herein.

34.     Mayborn admits that Plaintiffs have asserted a claim under 35 U.S.C. § 101 *et seq.* but denies that any such claim is valid.

35.     Mayborn admits the allegations of paragraph 35 of the Complaint.

36.     Mayborn denies the allegations of paragraph 36 of the Complaint.

37.     Mayborn denies the allegations of paragraph 37 of the Complaint.

38.     Mayborn denies the allegations of paragraph 38 of the Complaint.

39.     Mayborn denies the allegations of paragraph 39 of the Complaint.

40.     Mayborn denies the allegations of paragraph 40 of the Complaint.

**COUNT II**
**LANHAM ACT TRADE DRESS INFRINGEMENT**
**AND UNFAIR COMPETITION**

41.     In the event that a response to paragraph 41 of the Complaint is required, Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-40 as though set forth fully herein.

42.     Mayborn admits that Plaintiffs have asserted a claim under the Lanham Act, 15

U.S.C. § 1051 *et seq.* but denies that any such claim is valid.

43.     Mayborn admits the allegations of paragraph 43 of the Complaint.

44.     Mayborn denies the allegations of paragraph 44 of the Complaint.

45.     Mayborn denies the allegations of paragraph 45 of the Complaint.

46.     Mayborn denies the allegations of paragraph 46 of the Complaint.

47.     Mayborn denies the allegations of paragraph 47 of the Complaint.

48.     Mayborn denies the allegations of paragraph 48 of the Complaint.

**COUNT III**
**UNFAIR COMPETITION UNDER NEW YORK LAW**

49.     In the event that a response to paragraph 49 of the Complaint is required, Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-48 as though set forth fully herein.

50.     Mayborn admits that Plaintiffs have asserted a claim under the common law of the State of New York but denies that any such claim is valid.

51.     Mayborn admits the allegations of paragraph 51 of the Complaint.

52.     Mayborn is without knowledge or information sufficient to form a belief as to whether the allegations of paragraph 52 of the Complaint are true, and Mayborn therefore denies same.

53.     Mayborn denies the allegations of paragraph 53 of the Complaint.

54.     Mayborn denies the allegations of paragraph 54 of the Complaint.

55.     Mayborn denies the allegations of paragraph 55 of the Complaint.

56.     Mayborn denies the allegations of paragraph 56 of the Complaint.

57.     Mayborn denies the allegations of paragraph 57 of the Complaint.

58.     Mayborn denies the allegations of paragraph 58 of the Complaint.

59.     Mayborn denies the allegations of paragraph 59 of the Complaint.

**COUNT IV**
**VIOLATION OF NEW YORK**
**GENERAL BUSINESS LAW SECTION 360-1**

60.     In the event that a response to paragraph 60 of the Complaint is required, Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-59 as though set forth fully herein.

61.     Mayborn admits the allegations of paragraph 61 of the Complaint.

62.     Mayborn denies the allegations of paragraph 62 of the Complaint.

63.     Mayborn denies the allegations of paragraph 63 of the Complaint.

64.     Mayborn denies the allegations of paragraph 64 of the Complaint.

65.     In the event that a response to paragraph 65 of the Complaint is required, Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-64 as though set forth fully herein.

With respect to Plaintiffs' Prayer for Relief, Mayborn further denies that Plaintiffs are entitled to any of the relief requested therein.

WHEREFORE, having fully answered Plaintiffs' Complaint, Mayborn respectfully requests that this Court enter an order denying the relief Plaintiffs seek, dismissing Plaintiffs' Complaint against Mayborn in its entirety with prejudice, and grants Mayborn any other such relief as this Court deems just and proper.

**DEFENSES AND AFFIRMATIVE DEFENSES**

66.     Upon information and belief, the '439 patent is invalid for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

67.     Mayborn has not infringed and is not infringing the '439 patent.

68.     Mayborn has not willfully infringed any valid or enforceable claim of the '439 patent.

69.     On information and belief, Plaintiffs have failed to comply with 35 U.S.C. § 287.

70.     Plaintiffs have no proprietary trade dress or trademark rights in any feature or combination of features of the external appearance of Plaintiffs' Soft Top.

71.     Mayborn has not infringed and is not infringing any putative trade dress or trademark rights in any feature or combination of features of the external appearance of Plaintiffs' Soft Top.

72.     Plaintiffs have not suffered any damages as a result of Mayborn's alleged conduct referred to in the Complaint; thus, Plaintiffs are not entitled to any relief.

73.     Plaintiffs' claims are barred in whole, or, in part, by the doctrine of unclean hands.

74.     To the extent Plaintiffs have obtained a design patent for the functional ovoid shape of their product configuration, the patent is invalid.

75.     The product features Plaintiffs seek to protect in this case are functional, generic, lack secondary meaning, do not function as source indicators, and/or otherwise are incapable of functioning as trade dress.

76.     Discovery in this matter may reveal additional bases for an avoidance or affirmative defense.   Mayborn reserves the right to amend its Answer to plead additional affirmative defenses as may be discovered.

## COUNTERCLAIMS

Mayborn states the following Counterclaims against Plaintiffs:

77.     Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-76 as though set forth fully herein.

78.     This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

79.     This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C § 2201-02 and Rule 57 of the Federal Rules of Civil Procedure because an actual and justiciable controversy exists concerning the rights of and legal relations between Plaintiffs and Mayborn.

80.     Mayborn is a corporation organized under the laws of the State of New York with a principal place of business at 175 Post Road West, Westport, Connecticut 06880.

81.     On information and belief, Plaintiff/Counterclaim-Defendant Luv N'Care, Ltd. is a corporation organized under the laws of the State of Louisiana with a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

82.     On information and belief, Plaintiff/Counterclaim-Defendant is a corporation organized under the laws of the State of Delaware with a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

83.     This Court has personal jurisdiction over Plaintiffs.

84.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338, this being a civil action arising under the laws of the United States.

85.     Venue is proper over Plaintiffs in this Court under the provisions of 28 U.S.C. § 1391.

**COUNT I**
**DECLARATORY JUDGMENT REGARDING**
**NONINFRINGEMENT OF THE '439 PATENT**

86.     Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-85 as though set forth fully herein.

87.     Plaintiff LNC has alleged that it is the owner of all right, title and interest in and to the '439 patent.

88.     Plaintiffs initiated the instant patent infringement action against Mayborn on April 11, 2011, by alleging that Mayborn infringes the '439 patent.

89.     There is an actual and justiciable controversy between Plaintiffs and Mayborn concerning Plaintiffs' allegations that Mayborn's products infringe their patent rights pursuant to the Patent Act, 35 U.S.C. § 1, *et seq.*, by infringing the '439 patent.

90.     These allegations have placed a cloud over Mayborn's business activities and caused uncertainty regarding Mayborn's rights in the marketplace.

91.     Mayborn's products have not and do not infringe Plaintiffs' alleged rights in the '439 patent, as Plaintiffs have asserted, and Mayborn is entitled to a judgment declaring its noninfringement of the '439 patent.

92.     As a direct and proximate result of Plaintiffs' allegations of patent infringement, Mayborn is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

## COUNT II
## DECLARATORY JUDGMENT REGARDING
## <u>INVALIDITY OF THE '439 PATENT</u>

93.     Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-92 as though set forth fully herein.

94.     There is an actual and justiciable controversy between Plaintiffs and Mayborn concerning Plaintiffs' allegations that Mayborn's products infringe Plaintiffs' patent rights pursuant to the Patent Act, 35 U.S.C. § 1, *et seq.*, by infringing the '439 patent, and that the '439 patent is valid and was duly and legally issued by the United States Patent and Trademark Office.

95.     Plaintiffs' allegations have placed a cloud over Mayborn's business activities and caused uncertainty regarding Mayborn's rights in the marketplace.

96.     The '439 patent is invalid under the patent laws of the United States for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 171, and Mayborn is entitled to a judgment declaring the invalidity of the '439 patent.

97.     As a direct and proximate result of Plaintiffs' allegations of patent infringement, Mayborn is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

## COUNT III
## DECLARATORY JUDGMENT REGARDING
## NON-EXISTENCE AND/OR NON-INFRINGEMENT OF ANY
## <u>TRADEMARK OR TRADE DRESS</u>

98.     Mayborn repeats, re-alleges and incorporates by reference its responses to Paragraphs 1-97 as though set forth fully herein.

99.     Plaintiffs have filed a Complaint alleging infringement by Mayborn of Plaintiffs'

putative trade dress rights or trademark rights in the external appearance of the Soft Top.  As a result of their acts, Plaintiffs have placed a cloud over Mayborn's business activities and caused uncertainty regarding Mayborn's rights in the marketplace.

100.    There is an actual and justiciable controversy between Plaintiffs and Mayborn concerning, *inter alia*, the alleged existence of trade dress or trademark rights in the external appearance of the Soft Top, and concerning the alleged infringement of any such appearance-related trade dress or trademark rights.

101.    Plaintiffs have no proprietary trade dress or trademark rights in any feature or combination of features of the external appearance of the Soft Top, and Mayborn is entitled to a judgment declaring the non-existence of any such appearance-related trade dress or trademark rights.

102.    Mayborn does not infringe, and at all times has not infringed, any proprietary trade dress or trademark rights, if any exist, in any feature or combination of features of the external appearance of the Soft Top, and Mayborn is entitled to a judgment declaring its noninfringement of any such appearance-related intellectual property rights.

103.    As a direct and proximate result of Plaintiffs' assertion of its putative trade dress against Mayborn, Mayborn is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

## **<u>JURY DEMAND</u>**

Mayborn hereby demands a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Mayborn prays that the Court:

A.      Dismiss Plaintiffs' Complaint against Mayborn in its entirety with prejudice;

B.      Order that Plaintiffs have and recover nothing from Mayborn in this lawsuit and deny Plaintiffs' request for injunctive relief and for other relief;

C.      Declare that Mayborn has not infringed any valid and enforceable claim of the '439 patent, and that the '439 patent is invalid;

D.      Grant an injunction enjoining Plaintiffs and Plaintiffs' officers, agents, servants, employees, and attorneys, and any parties in active concert or participation with them, from threatening to assert or asserting the '439 patent or instituting or prosecuting any lawsuit or other legal proceeding seeking in any way to enforce or maintain the '439 patent against Mayborn;

E.      Declare that this case is exceptional within the meaning of the Patent Act, 35 U.S.C. § 285, and that Mayborn be awarded its costs, expenses, and reasonable attorneys' fees incurred in the connection with this matter;

F.      Declare that (i) Plaintiffs own no proprietary trade dress or trademark rights in this country in any feature or combination of features of the external appearance of the Soft Top, and (ii) that Mayborn does not infringe, and at all times has not infringed, any proprietary trade dress or trademark rights, if any exist in this country, in any feature or combination of features of the external appearance of the Soft Top;

G.      Permanently enjoin Plaintiffs and their affiliates, successors and assignees from asserting in this country against Mayborn and its related or affiliated companies either trade dress or trademark rights arising from the external appearance of the Soft Top;

H.      Award Mayborn its attorneys' fees and costs in defending the Complaint and

asserting its Counterclaims, including, without limitation, those fees for which an award is proper pursuant to 15 U.S.C. § 1117(a);

       I.     Award Mayborn such other and further relief as the Court deems just and proper.


Dated: May 16, 2011

              /s/ Deepro R. Mukerjee
              Deepro R. Mukerjee  (DM 7373)
              Srilakshmi M. Ravi (SR 1114)
              ALSTON & BIRD LLP
              90 Park Avenue
              New York, NY 10016
              Telephone:  (212) 210-9400
              Facsimile:  (212) 210-9444
              deepro.mukerjee@alston.com
              srilu.ravi@alston.com

              Jason M. Sneed (pro hac to be filed)
              Theresa Conduah (TC1231)
              ALSTON & BIRD LLP
              101 South Tryon Street, Suite 4000
              Charlotte, NC 28280
              Telephone:  (704) 444-1000
              Facsimile:  (704) 444-1111

              James C. Grant (pro hac to be filed)
               Elizabeth Jordan (pro hac to be filed)
              ALSTON & BIRD LLP
              One Atlantic Center
              1201 West Peachtree Street
              Atlanta, Georgia 30309

              *Attorneys for Defendant*
              *Mayborn USA, Inc.*